UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Diquan Hicklin #354389 | ) C/A No. 4:15-2905-MGL-TER |
|                  Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Turbeville Correctional Institute, Sgt. Emanuel Juan Carstello, Warden Sharp, Major Shavalla, Sgt. Allison; | ) |
|                  Defendant(s). | ) |

This is a civil action filed *pro se* by a South Carolina Department of Corrections inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

### BACKGROUND

The plaintiff has brought suit against the Turbeville Correctional Institution, which is a South Carolina Department of Corrections facility, and various individuals employed there. In a separately-filed order, the undersigned is authorizing service of process upon the individual defendant Carstello.

### INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

1

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The

Turbeville Correctional Institution[1] is a group of buildings or a facility. Inanimate objects (such as buildings, facilities, and grounds) do not act under color of state law. Hence, the Turbeville Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Additionally, Plaintiff has named the Warden of Turbeville Correctional Institution, as well as two other correctional officers as defendants. To establish § 1983 liability, a plaintiff must affirmatively show that the "official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985) (citations and quotations omitted). *Accord Garraghty v. Commonwealth of Virginia*, 52 F.3d 1274, 1280 (4th Cir.1995); *Wheeler v. Gilmore*, 998 F.Supp. 666, 668 n. 5 (E.D.Va.1998). Moreover, plaintiff may not avail himself of the doctrine of respondeat superior, as this doctrine is inapplicable to § 1983 claims. *Wright*, 766 F.2d at 850. Thus, each of the named defendants must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. In

---

[1] To the extent that Plaintiff meant to name the South Carolina Department of Corrections as a defendant, it would be entitled to summary dismissal under the Eleventh Amendment. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F.Supp. 805, 808-809 (D.S.C.1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F.Supp. 516, 517 (E.D.S.C.1961).

Plaintiff's Complaint, Plaintiff indicates that he contacted Warden Sharp and Major Shavella regarding the alleged incident between Defendant Carstello and the Plaintiff. He also indicated that Sgt Allison may be a possible witness, and that at some point she wrote a statement on his behalf. From the Complaint, it appears that Plaintiff believes that these three individuals may have information about his case, but are not intended to be named as Defendants.[2] As such, defendants Sharp, Shavella and Allison should be dismissed for lack of any personal involvement in the incident giving rise to this action. Again, by separate Order, service of process on Defendant Carstello is being authorized.

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the Turbeville Correctional Institution, as well as Defendants Sharp, Shavella and Allison from the above-captioned case without prejudice and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) (essentially a redesignation of "old" 1915(d)); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Service of process on Defendant Carstello is being authorized by separate Order.

The plaintiff's attention is directed to the Notice on the next page.

December 30, 2015  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

---

[2]The Court notes that Plaintiff has provided service documents for Defendant Carstello, but not for any of the other named individual Defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).